**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ROLAND GUENTER MUELLER.,

    *Plaintiff*,

vs.                                                              CASE NO:

MERCEDES-BENZ USA, LLC., a foreign
limited liability corporation,

    *Defendant.*
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL
<u>INJUNCTIVE RELIEF REQUESTED</u>**

    Plaintiff Roland Guenter Mueller sues Defendant Mercedes-Benz USA, LLC ("Mercedes USA"), and alleges:

**I.    Nature of action**

    1.    Roland Mueller's age discrimination claims arise from his employment with, and termination by, Defendant Mercedes USA. Defendant's termination of Mr. Mueller violated the Age Discrimination in Employment Act ("ADEA") and the Florida Civil Rights Act ("FCRA").

**II.    The parties**

    2.    Mr. Mueller was 67 years old when he was terminated by Defendant effective June 1, 2020. Mr. Mueller was employed by Defendant or its affiliates for 26

years and was Defendant's Information Technology ("IT") Department Manager, Engineering Services & Parts Systems, when terminated.

3. Defendant Mercedes USA was founded in 1965 and its primary business is to import Mercedes-Benz automobiles from Germany into the United States.

### III. Compliance with administrative prerequisites

4. On June 2, 2020, Plaintiff timely filed his charge of age discrimination, attached as **Exhibit 1**, with the Equal Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR). It has been more than sixty (60) days since Mr. Mueller's EEOC charge was filed and neither the EEOC nor the FCHR has made any determination. Accordingly, under 29 CFR § 1626.18 (b), Mr. Mueller has timely filed this action.

### IV. Statement of facts

5. Mr. Mueller was told by Defendant on April 21, 2020 that he would be terminated effective June 1, 2020, and he was.

6. When Mr. Mueller was terminated, he was 67 years old, he was qualified to do the job from which he was terminated, and he was replaced by a substantially younger person, Mr. Babafemi Ogunbayo, age 57.

7. After he was notified of his termination on April 21, 2020, Mr. Mueller was told by his manager, Ms. Zelma Cilliers, Defendant's IT General Manager and Chief Information Officer, that his <u>position</u> was *not* being eliminated. She told him that he would be <u>replaced</u> by Mr. Babafemi Ogunbayo.

8. At age 67, Mr. Mueller was the second oldest employee in Defendant's IT Department when he was terminated. The oldest employee, then age 69, was also terminated. *See* **Exhibit 2** at page 14, showing "Employees Selected for Termination and Eligible for Severance Benefits." Mr. Mueller is the first person listed among the 14 persons fired. His "Job Title" is "DM [Department Manager] Engine Services & Parts Systems," and his "Age" is 67.[1]

9. Although less than eight percent (8%) of the 147 employees listed on Exhibit 2 are age 60 or older (11 of the 147 employees are 60 and above), more than 40% of the employees selected for termination were age 60 or older (6 of the 14 employees chosen for termination were 60 or above). Stated differently, Defendant terminated 14 of its 147 IT employees, or less than 10% of its IT Department. But it terminated more than 54% of its IT employees age 60 and above.

10. Defendant's reason for selecting Mr. Mueller for termination is pretextual. As stated on page 14 of **Exhibit 2**, showing "Selection Criteria," Defendant states:

> Employees were selected for termination based primarily on the criticality of their position, including which positions the Company could eliminate without adversely affecting its business, along with overall job performance and whether the employee possesses necessary job skills.

11. Contrary to its claimed "Selection Criteria," Mr. Mueller's position was deemed "critical" by Defendant in the weeks before his termination. Conversely, the

---

[1] Here and throughout, references to page numbers refer to the PDF page number of the Exhibit at issue. For example, page 14 of Exhibit 2 is the 14th page of an 18-page PDF Exhibit. When viewed as a PDF, it is identified as "14 / 18." Plaintiff's counsel has highlighted in yellow the cited passages in each Exhibit for the Court's convenience.

position of Mr. Ogunbayo, Mr. Mueller's younger replacement, was deemed "non-critical." In May 2020, Defendant classified the jobs in its IT Department as "critical" or "non-critical," as a way of designating who would be laid off without hurting Defendant's "core business" ("non-critical"), versus who was essential to running the "core business" ("critical"), as more fully explained in paragraph 12, below.

12. In order to collect emergency relief funds available from the United States government during the COVID-19 pandemic, Defendant elected to give fully paid "vacations" to its "non-critical" employees during the two weeks from Monday May 4 through Friday May 15, 2020. In a Manager's Guide captioned "Paid Leave Employee Notification," Defendant explained that managers, including Mr. Mueller and his manager, "… will inform employees that their role is considered critical or non-critical to running and/or supporting the continued operation of our core business during the COVID-19 outbreak and if their role is non-critical, then they will be placed on COVID-19 paid leave the first 2 weeks in May." *See* **Exhibit 3** at page 1.

13. As shown on **Exhibit 4**, prepared by Defendant, at page 1 Mr. Mueller's position is shown to be critical ("Normal Work"), while the role of his replacement, Mr. Ogunbayo, is shown to be non-critical ("COVID Vacation").

14. According to his performance evaluations, promotions, pay raises, bonuses, and other feedback from Defendant during more than 26 years, Mr. Mueller routinely performed his job with Defendant in an at least satisfactory manner. For example, he received a $39,000 bonus shortly before he was notified that he was to be terminated. His job skills were in demand as demonstrated by Defendant keeping him actively employed

to run Defendant's "core business" during the same time that his ten-year-younger replacement enjoyed his fully paid "IT COVID Vacation."

15. Defendant's decision to terminate Mr. Mueller, even though it regarded his position as critical, and to replace him with a substantially younger employee in a *non-critical* position, was because of Mr. Mueller's age/67.

16. In the alternative to paragraph 15, a rational trier of fact could disbelieve Defendant's proffered reason for terminating Mr. Mueller, *i.e.,* as stated on **Exhibit 2** on page 14, captioned "Selection Criteria."

17. Mr. Mueller has lost earnings, wages, bonuses, and other employment benefits because of his unlawful termination, and he is likely to continue losing them in the future.

18. Mr. Mueller has suffered mental anguish, loss of dignity, and other intangible injuries because of Defendant's unlawful conduct. His losses in this regard are those which any typical person would experience under the circumstances.

19. Defendant acted with reckless disregard for Mr. Mueller's federally protected rights when terminating his employment.

20. Mr. Mueller is required to reimburse the undersigned for his reasonable attorneys' fees and expenses.

**V.    Counts and Relief Sought**

**COUNT I**
**(ADEA, Age Discrimination)**

21. Plaintiff re-alleges paragraphs 1 to 20.

22. Defendant's decision to terminate Mr. Mueller was because of his age/67, in violation of the ADEA. 29 U.S.C. § 623(a)(1).

23. In the alternative to paragraph 22, a rational trier of fact could disbelieve Defendant's proffered reason for terminating Mr. Mueller, *i.e.,* as stated on **Exhibit 2** on page 14, captioned "Selection Criteria."

24. Defendant's violation of the ADEA was willful.

## COUNT II
### (FCRA, Age Discrimination)

25. Plaintiff re-alleges paragraphs 1 to 20.

26. Defendant's decision to terminate Mr. Mueller was because of his age/67, in violation of the Florida Civil Rights Act. Fla. Stat. § 760.10(1)(a).

27. In the alternative to paragraph 25, a rational trier of fact could disbelieve Defendant's proffered reason for terminating Mr. Mueller, *i.e.,* as stated on **Exhibit 2** on page 14, captioned "Selection Criteria."

28. Defendant's decision was motivated by the requisite level of culpability to warrant the imposition of punitive damages under Fla. Stat. § 760.10(5).

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Roland Guenter Mueller demands the following legal and equitable/injunctive relief under both Counts of this Complaint, unless specified otherwise:

a.     Past earnings, wages, salary, bonuses, and other employment benefits lost because of Defendant's unlawful termination of Mr. Mueller's employment (collectively referred to as **"back pay")**

b.     Interest on the amount of back pay as of the date of judgment.

c.     Liquidated damages equal to the sum of Mr. Mueller's back pay plus pre-judgment interest on his back pay, under the ADEA, 29 U.S.C. § 626(b).

d.     Retroactive reinstatement to Mr. Mueller's position or its equivalent, with "back pay" (hereafter collectively referred to as **"retroactive reinstatement"**).

e.     In the event retroactive reinstatement is not feasible, then in addition to back pay, Plaintiff demands all earnings, wages, salary, bonuses, and other employment benefits he will lose in the future because of his unlawful termination (hereinafter collectively referred to as **"front pay"**);

f.     Compensatory damages including, but not limited to, compensation for his emotional pain, humiliation, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, and any other non-pecuniary losses or intangible injuries allowable by law or equity under the FCRA at Fla. Stat. § 760.10(5).

g.     Punitive damages as allowed by the FCRA at Fla. Stat. § 760.10(5).

h.     Attorneys' fees and expenses, including expert witness fees as allowed by law, all recoverable statutory costs, and all litigation expenses not otherwise expressly allowed by statute.

i.     All other legal or equitable relief to which Mr. Mueller is entitled as a matter of law or equity; and,

    j.    Trial by jury of all issues so triable.

Dated: August 18, 2020,
Respectfully submitted,

<u>s/Scott Thomas Fortune</u>
FORTUNE LAW OFFICES, PA.
Scott Thomas Fortune, Trial Counsel for Plaintiff
Florida Bar No. 342815
SFortune@FortuneLegal.com
1807 3rd Street North
Jacksonville Beach, Florida 32250
Telephone: (904) 246-2125
Mobile: (904) 333-3965
Facsimile: (904) 246-1551

Attorneys for Plaintiff